# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-1139**

**September Term, 2023**

FILED ON: MAY 28, 2024

MARK KIM GASKILL, ET AL.,
PETITIONERS

v.

SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT

On Petition for Review of an Order
of the Securities and Exchange Commission

Before: SRINIVASAN, *Chief Judge*, HENDERSON and RAO, *Circuit Judges*.

### J U D G M E N T

The present petition for review of a Securities and Exchange Commission ("SEC") order was presented to the court and briefed and argued by counsel. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that petitioner Mark Gaskill's motion to supplement the record be **GRANTED**, respondent's motion to dismiss be **GRANTED**, and the petition for review be **DISMISSED** in part and **DENIED** in part.

\* \* \*

The Financial Industry Regulatory Authority ("FINRA") denied petitioners' requests to use its arbitration forum, and they applied for SEC review of their denials. The SEC remanded Mark Gaskill's matter to FINRA, but it upheld the forum denials for the other five applicants. All six individuals now petition for review. Because the SEC took no final action in Gaskill's case, we lack jurisdiction over his claim. As for the other petitioners, the SEC reasonably concluded that FINRA complied with its own rules.

1

I.

FINRA is a self-regulatory organization for securities brokers and dealers. *Saad v. SEC*, 873 F.3d 297, 299 (D.C. Cir. 2017). FINRA maintains the Central Registration Depository, an internal database containing allegations made in arbitration proceedings against FINRA members and associated persons, as well as records of any resulting arbitration awards. Some of that information is viewable in "BrokerCheck," a searchable online tool that FINRA makes available to the public.

FINRA also hosts an arbitration forum that its members can use to obtain an award of expungement, which, when enforced by a court, compels FINRA to remove information from its database. *See* FINRA Rule 2080(a). The Director of FINRA, however, "may decline to permit the use of the FINRA arbitration forum if the Director determines that, given the purposes of FINRA and the intent of the Code [of Arbitration Procedure], the subject matter of the dispute is inappropriate." FINRA Rules 12203(a), 13203(a).

The six petitioners in this case work in the securities industry and are registered with FINRA. Between 1996 and 2012, each received an adverse arbitration award after a dispute with a customer. Between 2018 and 2021, each petitioner filed a claim in FINRA's arbitration forum, alleging that the prior arbitration awards were based on false accusations and seeking to expunge the incriminating records from the Central Registration Depository and BrokerCheck.

FINRA denied each request to use its arbitration forum. It informed five petitioners the Director had denied access because their dispute was ineligible for arbitration. Petitioner Gaskill also received a letter denying his forum request for the same reason, but the letter made no mention of FINRA's Director.

The petitioners applied for SEC review of their forum denials, invoking the agency's authority to review FINRA decisions "prohibit[ing] or limit[ing] … access to [its] services." 15 U.S.C. § 78s(d)(1), (2). After consolidating the cases, the SEC concluded that Gaskill's matter should be remanded to FINRA because his denial letter did not indicate whether the Director made the determination, and under FINRA's rules, only the Director can deny access to the arbitration forum. *See In re Consolidated Arbitration Applications*, Exchange Act Release No. 97248, 2023 WL 2805323, at *2, 4 (Apr. 4, 2023). As for the other five petitioners, the SEC determined the Director had denied access to the forum in compliance with FINRA's rules. *Id.* at *4–5. It was "inappropriate" for the petitioners to use FINRA's arbitration forum to collaterally attack prior arbitration awards. *Id.*

The six petitioners filed for review in this court.[1] The SEC moved to dismiss the petition with respect to Gaskill for lack of jurisdiction.

II.

We lack jurisdiction over Gaskill's claim because he challenges non-final agency action. Our review is limited to "final order[s] of the Commission." 15 U.S.C. § 78y(a)(1). And "[a]n

---

[1] The original petition included a seventh petitioner, but he was dismissed by joint stipulation before oral argument.

2

agency remand order is generally considered non-final for the purpose of judicial review." *Nat'l Treasury Emps. Union v. FLRA*, 754 F.3d 1031, 1039 (D.C. Cir. 2014). As to Gaskill, the SEC remanded his proceeding to FINRA. *In re Consolidated Arbitration Applications*, 2023 WL 2805323, at *4. Although the SEC addressed the merits of FINRA's forum denial for the other five petitioners, it did not do so for Gaskill. *See id.* at *4–5. To the contrary, because Gaskill's prior arbitration took place in a non-FINRA forum, the SEC noted that FINRA should consider on remand "whether the same analysis" that applied to the other petitioners should also apply to Gaskill. *Id.* at *4 n.32.

Gaskill insists the SEC's order has become "final" for him because, after remand, the Director denied him access to FINRA's forum.[2] But that decision is also not a "final order of the *Commission*." 15 U.S.C. § 78y(a)(1) (emphasis added). Gaskill may now seek SEC review of the Director's denial, subject to the SEC's administrative procedures and timing requirements. Because the SEC has not rendered a final decision on the lawfulness of Gaskill's forum denial, however, we lack jurisdiction over the petition for review as to Gaskill.

III.

While the other five petitioners' claims are reviewable, those petitioners have failed to demonstrate the SEC's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The SEC reasonably affirmed the Director's decision to deny the petitioners access to the arbitration forum. FINRA may deny a person access to its services if it does so "in accordance with" its own rules. *See* 15 U.S.C. § 78s(f). And FINRA Rules 12203(a) and 13203(a) allow the Director to deny claimants "use of the FINRA arbitration forum if[,] … given the purposes of FINRA and the intent of the Code [of Arbitration Procedure], the subject matter of the dispute is inappropriate." Rules 12904(b) and 13904(b) also clarify that "all awards rendered under the Code are final and are not subject to review or appeal." Here, the five petitioners each received an adverse arbitration award in FINRA's forum or the forum of a predecessor organization. And each claim for expungement was premised on the theory that the allegations leading to the prior award were "false," "factually impossible," or "clearly erroneous." *See* FINRA Rule 2080(b)(1)(A), (C). The Director properly concluded that these were effectively collateral attacks on prior arbitrations and inappropriate for resolution in FINRA's forum. *See In re Consolidated Arbitration Applications*, 2023 WL 2805323, at *5.

The petitioners insist they also sought expungement on "equitable" grounds, independent of any attack on prior arbitration awards. But in their requests for expungement, the petitioners claimed that *because* the allegations in the prior arbitrations were false, it was not in the public interest for FINRA to continue publicizing the results of those arbitrations. Even if recast as

---

[2] Gaskill moves to supplement the record with the FINRA letter notifying him of his renewed forum denial. We will grant the motion and consider the submission for the limited purpose of determining our jurisdiction. *Cf. Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002) (allowing a petitioner to "supplement the record" with evidence of Article III standing "to the extent necessary to explain and substantiate … entitlement to judicial review").

"equitable" claims, these are still collateral attacks on the arbitral awards.

The petitioners also contend the Director's forum denials established a new rule without notice and comment or SEC approval, as required by 15 U.S.C. § 78s(b)(1). Not so. Although every "stated policy, practice, or interpretation of [FINRA]" is "deemed to be a proposed rule change," a proposed rule does not need SEC approval if "it is reasonably and fairly implied by an existing rule." 17 C.F.R. § 240.19b-4(c). The FINRA Director's decision that collateral attacks should be excluded from FINRA's arbitration forum was a "stated policy, practice, or interpretation," but it was "reasonably and fairly implied by an existing rule." *Id.* Given that "all awards rendered under [FINRA's Code of Arbitration Procedure] are final and are not subject to review or appeal," FINRA Rules 12904(b), 13904(b), it was reasonably implied that a claim for expungement amounting to a collateral attack would be "inappropriate" for resolution in FINRA's arbitration forum, FINRA Rules 12203(a), 13203(a).

Finally, the petitioners claim they were denied "fair procedure[s]." *See* 15 U.S.C. § 78*o*-3(b)(8). But the petitioners had ample opportunity to contest the allegations made against them and seek expungement in the underlying arbitration proceedings. And to the extent they claim the Director's subsequent forum denial was unfair, they fail to identify an applicable procedural protection that was lacking.

\* \* \*

For the foregoing reasons, we grant Gaskill's motion to supplement the record, grant the SEC's motion to dismiss, dismiss the petition for review as to Gaskill, and deny the petition with respect to the other petitioners. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

4